## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## ROCKFORD DIVISION

| | | |
|---|---|---|
| In re: LOPEZ, BONNIE J | § | Case No. 09-72973 |
| LOPEZ, FRANCISCO M | § | |
| | § | |
| Debtor(s) | § | |

### NOTICE OF TRUSTEE'S FINAL REPORT AND
### APPLICATIONS FOR COMPENSATION
### AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that MEGAN G. HEEG_____, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

211 South Court Street
Rockford, IL 61101

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 09:30 on 03/29/2010 in Courtroom 115, United States Courthouse, 211 South Court Street
Rockford, IL 61101.
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Dated:      02/04/2010_____      By:   /s/MEGAN G. HEEG_____
                                                      Trustee

MEGAN G. HEEG
215 E. First St.
P.O. Box 447
Dixon, IL  61021
(815) 288-4949

**UST Form 101-7-NFR (9/1/2009)**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## ROCKFORD DIVISION

In re: LOPEZ, BONNIE J  §  Case No. 09-72973
LOPEZ, FRANCISCO M  §
§
Debtor(s)  §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

The Final Report shows receipts of  $ _____ 13,216.51

and approved disbursements of  $ _____ 0.00

leaving a balance on hand of [1]  $ _____ 13,216.51

Claims of secured creditors will be paid as follows:

*Claimant*  *Proposed Payment*

N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Fees | Expenses |
|---|---|---|---|
| Trustee | MEGAN G. HEEG | $ 1,397.25 | $ |
| Attorney for trustee | Ehrmann Gehlbach Badger & Lee | $ 720.00 | $ 8.25 |
| Appraiser | | $ | $ |
| Auctioneer | | $ | $ |
| Accountant | | $ | $ |
| Special Attorney for trustee | | $ | $ |
| Charges, | U.S. Bankruptcy Court | $ | $ |
| Fees, | United States Trustee | $ | $ |
| Other | | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|

1 The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (9/1/2009)**

| | | | |
|---|---|---|---|
| Attorney for debtor | _____ | $_____ | $_____ |
| Attorney for | _____ | $_____ | $_____ |
| Accountant for | _____ | $_____ | $_____ |
| Appraiser for | _____ | $_____ | $_____ |
| Other | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | N/A | | |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 4,335.45 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.3 percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Roundup Funding, LLC | $ 350.97 | $ 350.97 |
| 1I | Roundup Funding, LLC | $ 0.94 | $ 0.94 |
| 2 | Chase Bank USA, N.A. | $ 1,370.17 | $ 1,370.17 |
| 2I | Chase Bank USA, N.A. | $ 3.66 | $ 3.66 |
| 3 | Roundup Funding, LLC | $ 488.29 | $ 488.29 |
| 3I | Roundup Funding, LLC | $ 1.30 | $ 1.30 |
| 4 | FIA CARD SERVICES, NA/BANK OF AMERICA | $ 1,031.73 | $ 1,031.73 |
| 4I | FIA CARD SERVICES, NA/BANK OF AMERICA | $ 2.75 | $ 2.75 |
| 6 | GE Money Bank dba JCPENNEY CREDIT SERVICES | $ 490.00 | $ 490.00 |
| 6I | GE Money Bank dba JCPENNEY CREDIT SERVICES | $ 1.31 | $ 1.31 |

| | | | | | |
|---|---|---|---|---|---|
| 7 | GE Money Bank dba PAYPAL | $ | 61.39 | $ | 61.39 |
| 7I | GE Money Bank dba PAYPAL | $ | 0.16 | $ | 0.16 |
| 8 | GE Money Bank dba JCPENNEY CREDIT SERVICES | $ | 82.05 | $ | 82.05 |
| 8I | GE Money Bank dba JCPENNEY CREDIT SERVICES | $ | 0.22 | $ | 0.22 |
| 9 | Capital Recovery III LLC As Assignee of HSBC CARD | $ | 460.85 | $ | 460.85 |
| 9I | Capital Recovery III LLC As Assignee of HSBC CARD | $ | 1.23 | $ | 1.23 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | N/A | | |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | N/A | | |

The amount of surplus returned to the debtor after payment of all claims and interest is $6,743.99.

Prepared By: /s/MEGAN G. HEEG

Trustee

MEGAN G. HEEG
215 E. First St.
P.O. Box 447
Dixon, IL  61021
(815) 288-4949

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (9/1/2009)**